UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
PETER POTENZA,

       Plaintiff,

       **MEMORANDUM & ORDER**

-against-

       03 CV 2430 (RJD) (RLM),
       04 CV 2434 (RJD) (RLM)

CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION,

       Defendant.
------------------------------------------------------X
DEARIE, Chief Judge.

  In contemplation of defendant's December 17, 2007, motion to consolidate the above-captioned actions, on January, 14, 2008, the Court instructed the parties to address plaintiff's argument that Rule 408(a) of the Federal Rules of Evidence should preclude the use of information relating to plaintiff's alleged abuse of opiates. The first action, Case No. 03-cv-2430 ("Action I"), concerns defendant's counterclaim alleging fraudulent inducement of interim cure payments made to plaintiff. The second action, Case No. 04-cv-2434 ("Action II"), concerns plaintiff's claim alleging retaliation and harassment by defendant in response to plaintiff's prior unsuccessful employment discrimination suit. The Court has reviewed the parties' submissions and hereby grants defendant's motion to consolidate.

## DISCUSSION

**A.** **Fed. R. Civ. P. 42. Consolidation**

  Rule 42(a) of the Federal Rules of Civil Procedure states that "if actions before the court

involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Trial courts retain "broad discretion to determine whether consolidation is appropriate," though that discretion is not "unfettered." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). In determining whether to consolidate, courts will consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (quotations omitted). So long as the parties would receive a fair and impartial trial, "considerations of judicial economy generally favor consolidation." Smith v. Everson, 2007 U.S. Dist. LEXIS 58293, at *7 (E.D.N.Y. Aug. 6, 2007) (citing Jefferson, 899 F.2d at 1285).

Given that these two actions involve the same parties, the same facts, and similar legal issues, absent some risk of prejudice to plaintiff, the wise use of judicial resources strongly suggests that the Court should consolidate. Plaintiff has raised several arguments against consolidation, only one of which requires discussion.

### B. Fed. R. Evid. 408. Compromise and Offers to Compromise

Plaintiff contends, *inter alia*, that consolidation would be inappropriate because defendant's counterclaim would prejudice the jury's fair evaluation of plaintiff's retaliation claim. Moreover, plaintiff alleges that the basis of the counterclaim "arose directly out of the parties involvement" in mediation, and that "the facts are interwoven with those efforts to compromise." Pl.'s December 24, 2007, Letter ¶ 17. Therefore, plaintiff argues, Rule 408(a)

2

should prevent defendant from presenting his counterclaim to a jury at all, let alone side-by-side with plaintiff's retaliation claim in a consolidated trial.

Rule 408 prohibits the use of "conduct or statements made in compromise negotiations . . . when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a). Rule 408 does not require exclusion of evidence if offered for a purpose not prohibited by the terms of the Rule. Id. In 2006, Rule 408 was "amended to settle some questions about the scope of the Rule," Fed. R. Evid. 408(a) advisory committee's note (2006 amendment), including two questions relevant to this motion.

The Advisory Committee makes clear that "Rule 408 is inapplicable if offered to show that a party made fraudulent statements in order to settle a litigation." Id.; see also DeLuca v. Allied Domecq Quick Serv. Rests., 2006 U.S. Dist. LEXIS 68328, at *4-5 (E.D.N.Y. Sept. 22, 2006) ("[I]t is well settled that Rule 408 is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions.") (citation omitted). The Advisory Committee also reiterates that Rule 408 does not "protect pre-existing information simply because it was presented to the adversary in compromise negotiations." Fed. R. Evid. 408 advisory committee's notes (2006 amendment); see also Ramada Development Co. v. Rauch, 644 F.2d 1097 (5th Cir. 1981).

Both of the Advisory Committee's statements describing the limit of Rule 408's reach apply here. First, defendant's counterclaim alleging fraudulent inducement of cure payments represents a distinct claim from plaintiff's claim of retaliation underlying the settlement negotiations. As the Advisory Committee and cases like DeLuca explain, Rule 408 does not

3

exclude statements made in settlement negotiations when used to support a separate claim arising from a wrong committed during the course of those negotiations. Furthermore, defendant asserts that neither its counterclaim nor any defense relevant to the retaliation claim even depends on any statements made during settlement negotiations. Rather, defendant alleges that long before the 2004 negotiations, plaintiff misrepresented his medical history and failed to disclose the existence of his opiate addiction. Defendant maintains that plaintiff began laying the "false groundwork" for his retaliation claim as early as March 2002, when he allegedly misrepresented his medical history during an examination by an Independent Medical Examiner. See Ex. A to Def.'s January 22, 2008, Letter. If true, this constitutes "pre-existing information" that cannot be excluded merely because it was also presented to defendant during negotiations. As defendant puts it, "that plaintiff . . . might have persisted in making such contentions during any settlement discussion . . . does not now allow plaintiff to use Rule 408 as a shield against the consequences of having made other similar and consistent misstatements at various other times." Def.'s January 22, 2008, Letter ¶ 4. At least as this states the principle of law, the Court agrees.

The Court therefore finds that the benefit of consolidation far outweighs any de minimis risk of prejudice to plaintiff. If for some reason this calculus changes, nothing prevents the Court from severing the actions in the future. See Miranda v. New York City Dep't of Ed., 2007 U.S. Dist. LEXIS 64383, at *2 (E.D.N.Y. Aug. 24, 2007).

## CONCLUSION

For the reasons stated above, defendant's motion to consolidate Action I and Action II is granted.

SO ORDERED.

Dated: Brooklyn, New York
      February 5, 2008

                                      s/ Judge Raymond J. Dearie

                                      RAYMOND J. DEARIE
                                      United States District Judge